**Lane M. Nussbaum, SBN 264200**
**Jason J. Stillman, SBN 245429**
**NUSSBAUM APC**
27489 AGOURA ROAD, STE 102
AGOURA HILLS, CALIFORNIA 91301
Tel. (818) 660-1919   Fax. (818) 864-3241

Attorneys for Plaintiff Jeff Huberts

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HUBERTS<br><br>Plaintiff,<br><br>vs.<br><br>ARA ERIC HUNAYAN and DOES 1 to 10<br><br>Defendants. | **CASE NO. 2:22-cv-03606-JFW-RAO**<br>**Removed from Los Angeles Superior**<br>**Court Case No: 21VEUD00718**<br><br>**PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: June 6, 2022<br>Time: 1:30 pm<br>Courtroom: 7A |

**TO THE COURT AND COUNSEL OF RECORD:**

Plaintiff in the removed unlawful detainer action, Jeff Huberts respectfully submits his *Ex Parte* Application for an order, pursuant to 28 U.S.C. § 1447(c), and 28 U.S.C. 1446 (b)(1), remanding this action to the Superior Court in and for the County of Los Angeles and granting attorney's fees and costs to Plaintiff.

Plaintiff moves for remand on the grounds that:

(1) Plaintiff's Notice of Removal was untimely;

(2) Plaintiff's complaint does not raise a substantial federal question that is necessary to the resolution of any of Plaintiff's claims; and

(3) Anticipated or potential defenses based on the federal constitution, laws, or treaties cannot support removal of the action.

Plaintiff's motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the court before the motion is submitted for decision.

Dated: June 02, 2022

**NUSSBAUM APC**

By: _____
**JASON STILLMAN**
**ATTORNEY FOR PLAINTIFF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 25, 2021, Plaintiff Jeff Huberts ("Huberts") filed an unlawful detainer action against Defendant Ara Eric Hunanyan ("Hunanyan"). On May 26, 2022, Defendant filed a notice of removal in the U.S. District Court, staying the unlawful detainer proceedings in state court. Because the Notice of Removal was untimely, and Plaintiff's unlawful detainer states no federal question, the Court must remand the action back to state court for resolution. Plaintiff also seeks sanctions against Defendant for filing a frivolous motion as this action clearly belongs in state court.

## II. ARGUMENT

### A. THE NOTICE OF REMOVAL IS UNTIMELY THEREFORE THE CASE MUST BE REMANDED

Pursuant to 28 U.S.C. §1446 (b)(1) "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of the summons upon the defendant if such initial proceeding has then been filed in court and is not required to be served on the defendant, whichever period is shorter." In this case the initial unlawful detainer complaint was filed on October 25, 2021, and while the Defendant avoided service for a short period, service was eventually completed by posting and mailing on December 8 2021. Exhibit 1. Hunanyan answered the Complaint on January 24, 2022. Hunanyan was required to file the removal within 30 days of being served, however the notice of removal was not filed until May 26, 2022, well past any deadline allowed for filing a notice of removal. Therefore, this court must remand the matter to State Court as the notice of removal was wholly untimely.

### B. THIS ACTION DOES NOT GIVE RISE TO FEDERAL COURT JURISDICTION.

Eve if the notice of removal had been filed timely, which it was not, this action does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal-

1
**PLAINTIFF JEFF HUBERTS's EX PARTE APPLICATION FOR REMAND**

question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042-43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *All Mission Indian Hous. Auth. v. Magante*, 526 F. Supp. 2d 1112, 1114 (S.D. Cal. 2007). Moreover, Plaintiff does not allege any federal question in his Complaint, and any federal defense raised is irrelevant to jurisdiction. *Vaden, supra,* 556 U.S. at 60, *Hunter*, *supra,* 582 F.3d at 1042-1043.

Secondly, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). And in unlawful detainer actions, the title to the property is not the object of the litigation – only the right to possession. *See Evans v. Super. Ct.,* 67 Cal.App.3d 162, 170 (1977). The amount in controversy in an unlawful detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id*. Since Jeff Huberts seeks less than $75,000, that amount can never satisfy diversity jurisdiction under 28 U.S.C. § 1332. Furthermore, diversity jurisdiction is inappropriate because both Plaintiff and Defendant reside in the State of California, and no diversity exists.

## C.  EX PARTE RELIEF IS NECESSARY BECAUSE DEFENDANT'S REMOVAL IS AN ATTEMPT TO DELAY A SUMMARY PROCEEDING, CAUSING ONGOING HARM TO PLAINTIFF

Unlawful detainer actions are meant to be shortened limited actions to maximally accelerate

disposition. Unlawful detainer cases have precedence over all other regular civil cases. CCP § 1179(a). For example, a trial in an unlawful detainer case <u>shall</u> be held no later than 20 days after service of the Request for Trial Setting, indicating the intent of the Legislature that unlawful detainer cases be heard quickly and expeditiously. *See* CCP § 1170.5. Defendant is attempting to abuse the system to frustrate the intent of the legislature and justice, by using removal to federal courts as a stall tactic. Defendant continues to wrongfully deny Plaintiff rightful possession of Plaintiff's property, and Plaintiff is harmed on an ongoing basis.

 Defendant has engaged in multiple delay tactics to avoid a ruling on the underlying unlawful detainer action. These actions include but are not limited to, filing a wholly inappropriate quiet title action in the state court as 12VECV01597, and then attempted to consolidate that case with the UD case No. 21VEUD00718. The court denied the motion to consolidate and on its own motion struck all causes of action relating to Huberts. Ex. 2. Hunanyan then brought several ex parte applications for reconsideration which were denied. Hunanyan then filed another bankruptcy as Case 1:22-bk-10489-MB in the Central District of California. Huberts moved the court for relief from the automatic stay, which was granted on May 4, 2022. As further proof of the subterfuge intended by Hunanyan, he did not even file the documents required under FRBP 1007 to support his bankruptcy and the case was dismissed for this failure on May 26, 2022. Ex. 3. May 26, 2022 is coincidentally the same day that this federal case 2:22-cv-03606-JFW-RAO was filed, along with the notice of removal. The filings along with a plethora of ex parte applications to delay the unlawful detainer trial are unfairly prejudicing Huberts and burdening the judicial resources of the various courts. The unlawful detainer matter has been ready for trial Since March 8, 2022, and should have received precedence over all other matters before the court.

 This court must not allow Defendant to abuse the system, delay justice, and cause further harm to Plaintiff. In order to minimize the harm caused by Defendant's delay tactics, Plaintiff is forced to bring this motion for remand *ex parte*.

//

### III. CONCLUSION

Plaintiff respectfully requests that the court grant Plaintiff's motion to remand the action to the superior court and award Plaintiff its just costs and expenses incurred in connection with Defendant's attempted removal of this action.

Dated:  June 02, 2022

николай NUSSBAUM APC

By: _____
**JASON STILLMAN**
ATTORNEY FOR PLAINTIFF
JEFF HUBERTS

**Declaration of Jason Stillman in Support of Motion to Remand**

I, Jason Stillman, do hereby declare:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court Central District of California. I am the attorney of record for Jeff Huberts, in the case of *Jeff Huberts v. Ara Eric Hunayan, et al.,* LASC No. 21VEUD00718.

2. On June 02, 2022, I called Defendant Ara Eric Hunayan at approximately 12:00 pm at _818-602-9707___ , having no answer I left a voicemail with the following information and sent an email to hunanyan@aol.com and informed that that I would be filing an Ex Parte Application for Remand in Case No. 2:22-cv-03606-JFW-RAO.  And that the hearing is on Monday June 6, 2022 at 1:30 p.m in Courtroom 7A of the above entitled court.

3. My regular billing rate for my services is $450 per hour. It has taken me 1 hour to prepare the instant Ex Parte Motion for Remand. At that rate, I have billed my client Jeff Huberts $930 to prepare and file the instant Ex Parte Motion for Remand.

4. This motion must be brought on an Ex Parte basis because possession of the property is at issue.

5. Huberts has not previously applied for the same or similar relief.

6. On or about November 10, 2021 my office received the proof of service of the summons and complaint from registered process server Luqman Kuraym.  A true and correct copy of the proof of service is attached hereto as Exhibit 1.

7. On or about April 19, 2022 I prepared and filed a notice of ruling on the motion to consolidate. A true and correct copy of that notice is attached hereto as Exhibit 2.

8. On or about May 26, 2022 my office received a notice of dismissal of the bankruptcy case.  A true and correct copy of the notice is attached hereto as Exhibit 3.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on June 02, 2022.

_____
**JASON STILLMAN**

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 27489 Agoura Road, Suite 102, Agoura Hills CA 91301.

On June 02, 2022, I served the foregoing document described as PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR REMAND; MEMORANDUM OF POITNS AND AUTHORITIES IN SUPPORT THEREOF, on each interested party listed as:

Ara Eric Hunanyan, 16925 Gault St. Van Nuys, CA 91406
,
,
,
,
,

____ (VIA MAIL) I deposited such envelope, with postage thereon fully prepaid, in the mail at Agoura Hills, California.

_x___ (OVERNIGHT EXPRESS) I deposited such envelope in the depository at Agoura Hills, California to ensure next day delivery.

____ (VIA PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressees.

____ (VIA FACSIMILE) I caused the within documents to be transmitted to telephonic facsimile to the addressees.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 02, 2022 at Agoura Hills, California.

_____
Shauna Wilcox

1
**PROOF OF SERVICE**