UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES -- GENERAL**

Case No.    CV 22-3606 JFW(RAOx)                                             Date: June 3, 2022

Title:    Jeff Huberts -v- Ara Eric Hunayan, et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**  
None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT; ORDER GRANTING EX PARTE APPLICATION FOR REMAND (filed 6/2/22; Docket No. 12)

    On October 25, 2021, Plaintiff Jeff Huberts ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Ara Eric Hunayan ("Defendant") in Los Angeles Superior Court. On May 26, 2022, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction. On June 2, 2022 Plaintiff filed a Notice of Ex Parte Application and Ex Parte Application for Remand. (Docket No. 12). After considering the Complaint, Notice of Removal and the moving papers, and the arguments therein, the Court rules as follows:

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Defendant alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

The Court has also considered and agrees with Plaintiff's other argument in support of his request for remand--namely, that removal was untimely under 28 U.S.C. § 1446(b)(1). Notice of removal of a civil action shall be filed within 30 days of the receipt of the initial pleading or summons by the defendant. 28 U.S.C. § 1446(b). Here the initial complaint was filed on October 25, 2021, and Defendant was served on December 8, 2021. Defendant answered the complaint on January 24, 2022, but did not file the Notice of Removal until May 26, 2022. Defendant attempts to excuse the untimely removal by relying on Plaintiff's filing of an amended pleading that allegedly placed Defendant on notice of a defense implicating federal questions. (Notice of Removal at pp. 8-9). Defendant's attempt fails, however, because a case may not be removed to federal court on the basis of a federal defense. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042-43 (9th Cir. 2009).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  sr